UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAWRENCE RICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18-cv-00371-JMS-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Lawrence Rice for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. The Court concludes that no evidentiary hearing is necessary because "the motion and the files and records of the case conclusively demonstrate that the petitioner is not entitled to relief." 28 U.S.C. § 2255. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## II. Factual Background

On May 4, 2016, Mr. Rice was charged in this Court by superseding indictment with one count of conspiring to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Rice*, 2:15-cr-00019-MS-CMM-10 ("Cr. Dkt."), Dkt. 160.

On October 5, 2016, the parties filed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Cr. Dkt. 304. Mr. Rice agreed to plead guilty to conspiracy to distribute 500 grams or more of a methamphetamine mixture. *Id.* ¶¶ 1, 21. Mr. Rice acknowledged that he was facing a sentence of not less than 10 years' imprisonment and not more than life imprisonment; a fine of not more than $10,000,000; and a term of not less than 5 years' supervised release following any term of imprisonment. *Id.* ¶ 2. The parties stipulated that the following facts supported his guilty plea:

> From the spring of 2014 through October 15, 2015, Julius Weldon directed the activities of a methamphetamine trafficking organization in the Southern District of Indiana. Weldon obtained his methamphetamine from sources in Arizona and caused the methamphetamine to be shipped from Arizona to Indianapolis. Weldon used drug couriers, including Lawrence Rice, to transport the methamphetamine from Indianapolis to Vincennes, Indiana and to various individuals for further distribution.
>
> On May 28, 2015, the Indiana State Police stopped a vehicle in Jasper County, Indiana in which Weldon and Rice were riding. The vehicle contained approximately eight ounces of methamphetamine. Weldon intended to distribute some of this methamphetamine to customers in the Vincennes area.
>
> Rice is accountable for the distribution of between 1.5 kilograms and 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine.

*Id.* ¶ 10 (internal formatting omitted).

The parties agreed that Mr. Rice waived his right to appeal his conviction and sentence. *Id.*

¶ 15. They agreed that he waived his right to collaterally attack his conviction and sentence under § 2255, except for claims of ineffective assistance of counsel. *Id.* ¶ 16 ("[T]he defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under . . . 28 U.S.C. § 2255 . . . . [The § 2255 waiver] does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.").

By signing the plea agreement, Mr. Rice acknowledged that he had received a copy of the indictment and discussed it with his attorney; understood the accusations against him in the case; had told his attorney the facts and circumstances related to the matters in the indictment; and believed his attorney was fully informed as to the matters in the indictment. *Id.* ¶ 21. He acknowledged that he had read the plea agreement and discussed it with his attorney; understood the terms of the plea agreement; and was satisfied with his attorney's representation. *Id.* He represented that he made no claim of innocence; was freely and voluntarily pleading guilty; and was pleading guilty because he was guilty of the crime to which he was entering his plea. *Id.* He affirmed that, other than the provisions of the plea agreement, no person had made any promises to him that he would receive a lighter sentence if he would plead guilty. *Id.*

Mr. Rice's trial counsel certified that he had read and fully explained to Mr. Rice "all the accusations against [Mr. Rice]." *Id.* ¶ 22. He also certified that Mr. Rice's plea of guilty "accords with [trial counsel's] understanding of the facts as related to [him] by [Mr. Rice] and is consistent with [his] advice to [Mr. Rice]." *Id.*

The parties agreed that the base offense level was 32. *Id.* ¶ 14. The Government agreed that Mr. Rice should receive a two-level reduction if he continued to accept responsibility up to and including the time of sentencing. *Id.* The Government expressed its intent to file a motion asking

the Court to decrease the offense level by one additional level after Mr. Rice entered his guilty plea based on his timely notification of his intent to plead guilty. *Id.* With the anticipated reductions, the parties agreed that Mr. Rice's final offense level would be 29. *Id.* The parties stipulated to a sentence of not less than 120 months' imprisonment (the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(A)(viii) (2010)) and not more than 135 months' imprisonment. *Id.* ¶ 9.

The Court held a plea hearing on October 7, 2016. Dkt. 15-1. Mr. Rice was placed under oath. *Id.* at 2. He acknowledged that he was satisfied with his attorney's representation and that he had read and discussed the plea agreement with his attorney. *Id.* at 4–5. He said he had no reason to believe that his attorney had not done a good job representing him in the case. *Id.* at 20.

The Court advised Mr. Rice of the elements of the charge against him, *id.* at 6–7, and that by pleading guilty he was relinquishing a number of rights, including: the right to require the government to prove the elements of the charged offense beyond a reasonable doubt; the right to cross-examine witnesses against him; and the right to testify in his defense, *id.* at 9–11. Mr. Rice acknowledged that he understood that he was waiving these rights by pleading guilty. *Id.* He acknowledged that, by pleading guilty, he was admitting that he had knowingly and intentionally become a member of a conspiracy to distribute 500 grams or more of a methamphetamine mixture. *Id.* at 6–7. He acknowledged that he had read the portion of the plea agreement setting forth the factual basis supporting his guilty plea and that the information stated there was true. *Id.* at 14. The Court then found that those facts were sufficient to establish a factual basis for the plea. *Id.*

In discussing the plea agreement, Mr. Rice acknowledged that his prison sentence could range from 120 months to 135 months. *Id.* at 17. In explaining that range, the Government noted that it had opted not to pursue an enhanced penalty under 21 U.S.C. § 851 even though Mr. Rice had a prior conviction for a felony drug offense. *Id.* at 18. Mr. Rice acknowledged that his

mandatory minimum sentence would have been 20 years if the Government had chosen to pursue the § 851 enhancement. *Id.*

Mr. Rice acknowledged that, if the Court accepted the plea agreement, he would be giving up his right to appeal his conviction and sentence and to collaterally attack his conviction and sentence (except for claims of ineffective assistance of counsel). *Id.* at 19–20. He acknowledged that he was pleading guilty of his own free will and because he was guilty. *Id.* at 20. He acknowledged that he gave up his right to appeal and file a collateral attack after consulting with his attorney and of his own free will. *Id.* at 22. When asked if he had any questions about the guilty plea, the plea hearing, or the plea agreement, he said, "No." *Id.* at 23.

Having confirmed his understanding of the plea agreement, the rights he was relinquishing, and the plea agreement's provision that he would serve 120 to 135 months in prison, Mr. Rice then pleaded guilty to the charge alleged in the superseding indictment. *Id.* The Court found that Mr. Rice was "fully competent and capable of entering an informed plea," that he was "aware of the nature of the charge and the consequences of the plea," and that his guilty plea was "a knowing and voluntary plea supported by an independent basis in fact, containing each of the essential elements of the offense." *Id.* at 23–24. The Court then accepted the plea and adjudged Mr. Rice guilty of the charge alleged in the superseding indictment. *Id.* at 24.

On January 17, 2017, a presentence report ("PSR") was filed with the Court. Cr. Dkt. 379. The PSR described facts of the offense using language nearly identical to that used in the plea agreement. *Id.* at 4–5. Neither party objected to the PSR. *Id.* at 20.

The Court held a sentencing hearing on April 12, 2017. Dkt. 15-2. At the hearing, Mr. Rice acknowledged that he had read the PSR and that it was accurate. *Id.* at 3. When asked if he would like to make a statement, he said, "I accept the responsibility of what I did" and "[s]o, so sorry."

*Id.* at 5. In keeping with the plea agreement, the Court sentenced Mr. Rice to 120 months' imprisonment. Cr. Dkt. 448.

Mr. Rice appealed. Cr. Dkt. 452. His trial counsel withdrew, but the Seventh Circuit appointed new counsel. *United States v. Rice*, No. 17-1931 ("Ap. Dkt."), Dkt. 7. Newly appointed counsel filed a motion to voluntarily dismiss Mr. Rice's appeal with prejudice. Ap. Dkt. 13. That motion was supported by a "Defendant's Acknowledgement of Attorney's Motion for Dismissal and Consent to the Dismissal of the Appeal," which Mr. Rice signed. Ap. Dkt. 13-2 ("I have been informed of my attorney's intention to move to dismiss my appeal. I concur in my attorney's decision and hereby waive all rights to object or raise any points on appeal."). The Seventh Circuit granted the motion and dismissed Mr. Rice's appeal. Ap. Dkt. 14.

Mr. Rice then filed a motion to reduce his sentence in the trial court. Cr. Dkt. 566. That motion was denied. Cr. Dkt. 705. Mr. Rice—proceeding *pro se*—filed another appeal, but that appeal was dismissed for lack of prosecution. Cr. Dkts. 706, 727. While the second appeal was pending, Mr. Rice filed his § 2255 motion. Dkt. 1. The Government responded, dkt. 15, but Mr. Rice did not file a reply, and the time for doing so has passed, *see* dkt. 17.

### III. Discussion

In support of his § 2255 motion, Mr. Rice argues that his trial attorney provided ineffective assistance and that the evidence against him was lacking and insufficient for a conviction. Dkt. 1. The Court addresses these arguments separately.

#### A. *Ineffective Assistance of Counsel*

Mr. Rice asserts that his trial counsel provided him ineffective assistance in violation of his Sixth Amendment rights. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

6

his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *see also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of her counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.*

To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of guilty pleas, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* In *Lee v. United States*, 137 S. Ct. 1958 (2017), the Supreme Court clarified that, in cases where trial counsel is alleged to have erred in providing a defense to a charge (as opposed to

7

a miscalculation of penal consequences), the petitioner must also show "he would have been better off going to trial." *Id.* at 1965; *see also Hill*, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to his plea. This assessment, in turn, will depend in large part on a prediction whether the evidence would have changed the outcome of a trial.").

Mr. Rice contends that his trial counsel was ineffective because counsel "did not properly explain the evidence." Dkt. 1 at 4. Instead, he "only advised [Mr. Rice] to 'talk to the government,' when [Mr. Rice] had nothing to say, and when [counsel] did not know enough about [Mr. Rice's] case." *Id.* Mr. Rice contends that he is "innocent, but . . . was convinced to plead guilty because [he] was told that [he] would get a much higher sentence if [he] did not do so." *Id.*

At the plea hearing, Mr. Rice admitted under oath that he had knowingly and intentionally become a member of a conspiracy to distribute 500 grams or more of a methamphetamine mixture. Dkt. 15-1 at 6–7. He also admitted that the facts stated in the plea agreement were true—namely, that he acted as a drug courier for Julius Weldon to transport methamphetamine from Indianapolis to Vincennes for further distribution; was stopped in a car with Weldon that contained approximately eight ounces of methamphetamine; and that he was accountable for distributing between 1.5 kilograms and 5 kilograms of a methamphetamine mixture. *Id.* at 14 (referring to Cr. Dkt. 304 ¶ 10). Thus, his contention that he is innocent—and the implication that his attorney should have discovered his innocence or argued it to the Government rather than advising him to plead guilty—is "belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see also Hurlow v. United*

*States*, 726 F.3d 958, 968 (7th Cir. 2007) ("[R]epresentations made to a court during a plea colloquy are presumed to be true." (internal quotation marks and quoted authority omitted)); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("*Nunez I*") ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). Mr. Rice cannot obtain relief in this § 2255 action by arguing that he was innocent or that counsel was ineffective for failing to discover or argue that innocence.

To the extent Mr. Rice faults his counsel for advising him to talk to the Government and accept the plea agreement without more thoroughly explaining the evidence or investigating the facts, his claims also fail because he cannot show prejudice. Mr. Rice does not claim that he would have insisted on going to trial if his counsel had explained the case better or investigated more thoroughly, and he does not claim that he would have been better off if he had gone to trial rather than pleading guilty.[1] Nor does the record include any evidence from which the Court could reach such a conclusion, especially given that the 120-month sentence Mr. Rice received was the lowest statutorily permissible sentence the Court could have imposed. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (2010). On this point, the record supports the correctness of the advice Mr. Rice claims his counsel gave him—that he faced a longer sentence (up to life in prison) if he risked going to trial rather than accepting the plea agreement. Under these circumstances, there is no credible claim of deficient performance by Mr. Rice's attorney.

---

[1] To the extent Mr. Rice's § 2255 motion can be liberally construed as claiming he would have gone to trial absent his counsel's alleged errors, his statements are at best "*post hoc* assertions . . . about how he would have pleaded but for his attorney's deficiencies" and do not, standing alone, suffice to upset his plea. *Lee*, 137 S. Ct. at 1967.

## B. Insufficient Evidence

Mr. Rice also contends that "[t]he evidence against [him] was lacking and was not enough to have [him] convicted." Dkt. 1 at 5. The Court understands this as a challenge to the sufficiency of the evidence supporting his conviction. Such a challenge raises a constitutional issue. *Buggs v. United States*, 153 F.3d 439, 444 (7th Cir. 1998) ("[A] claim based on insufficiency of evidence raises a constitutional issue.").

This challenge fails because Mr. Rice voluntarily waived his right to file a § 2255 motion for all issues except ineffective assistance of counsel. Cr. Dkt. 304 ¶ 16. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Keller*, 657 F.3d at 681 (internal quotation marks and quoted authority omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). Both statutory and constitutional rights can be waived in a plea agreement. *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir. 1997).

Here, Mr. Rice does not argue that one of the exceptions applies, and the Court sees no evidence supporting such a finding. To the contrary, the record shows that Mr. Rice voluntarily entered into the plea agreement and that the Court sentenced him to the statutory minimum sentence. Moreover, as explained above, Mr. Rice's claim of ineffective assistance of counsel fails. Because Mr. Rice's claim about the sufficiency of the evidence supporting his conviction falls

within the waiver and no exception applies, the waiver precludes the relief he seeks.

In addition, as the Government argues, even if Mr. Rice had not voluntarily waived his right to appeal and file a § 2255 motion, his sufficiency-of-the-evidence argument is procedurally defaulted because he did not raise it on direct appeal. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Constitutional claims may, however, be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *Massaro v. United States,* 538 U.S. 500, 504 (2003). To show cause for a procedural default, the petitioner must demonstrate that some objective factor external to the petitioner impeded his efforts to bring a claim on direct appeal. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991).

If a petitioner is unable to demonstrate both cause and prejudice, he may be able to obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice–that is, that his case is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986). "A claim of actual innocence must be both credible and founded on new evidence. To be credible, the claim must have the support of reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Arnold v. Dittman*, 901 F.3d 830, 836 (7th Cir. 2018) (internal quotation marks, citations, and quoted authority omitted). The petitioner must "show that, in light of this new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Id.* at 837.

Mr. Rice could have brought his sufficiency-of-evidence argument on direct appeal, but he did not raise the issue to the Seventh Circuit. *See* dkt. 1 at 7 (checking box that he did not raise this argument on appeal). And, even if he had brought the issue to the Seventh Circuit's attention, he voluntarily dismissed his direct appeal with prejudice. Ap. Dkts. 13-1, 13-2, 14. Therefore, he procedurally defaulted the argument. *See Jones v. United States*, 248 F.3d 1158 (table), No. 99-3388, 2000 WL 1875730, at *1 (7th Cir. Dec. 21, 2000) ("Because [petitioner] voluntarily dismissed his direct appeal, however, this argument was procedurally defaulted, and he may not raise it now unless he can establish cause and prejudice.").

Mr. Rice also cannot overcome the procedural default. He has not demonstrated cause[2] for the default or explained how he was prejudiced by it. And, to the extent his barebones claim that he is "innocent" constitutes an invocation of the actual innocence exception, he has not come forward with new and reliable evidence or shown that, in light of the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Because Mr. Rice cannot overcome the procedural default, his sufficiency-of-the-evidence argument is barred.

To the extent this ground for relief can be liberally construed as a claim for ineffective assistance of counsel (and not barred by the plea waiver or procedural default), it fails. As explained, at the plea hearing, Mr. Rice admitted the facts supporting his guilty plea, including that he acted as a drug courier for Julius Weldon and that he was responsible for distributing

---

[2]Mr. Rice claims that he did not raise the issue on direct appeal because his "second lawyer resigned and withdrew from [his] case." Dkt. 1 at 10. To extent this represents a claim that he had cause for the procedural default, it is unsupported and directly contradicted by the record in his direct appeal, which shows that his appellate attorney filed—with his consent—a motion to voluntarily dismiss his appeal with prejudice. *See* Ap. Dkts. 13-1, 13-2, 14; *see also Eaton v. United States*, 458 F.2d 704, 706 (7th Cir. 1972) ("[W]e must accept petitioners' factual allegations as true except to the extent that they are inherently incredible, merely conclusory rather than statements of fact, or are contradicted by the record.").

between 1.5 kilograms and 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine. He cannot obtain relief simply by repudiating that sworn testimony, *see Nunez I*, 495 F.3d at 546, and he has not explained why the admitted facts are insufficient to support his conviction for violating 21 U.S.C. §§ 841(a)(1) and 846. Therefore, any claim that his attorney was ineffective for failing to raise this insufficiency-of-evidence issue fails.

## IV. Conclusion

For the reasons explained in this Entry, Mr. Rice is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 2:15-cr-00019-JMS-CMM-10.** The motion to vacate Cr. Dkt. [715] shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Rice has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/12/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LAWRENCE RICE
15755-047
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel